SCHOTT, Judge,
concurring.
The general damage award of over $150,-000 can only be justified if plaintiff did suffer brain damage as a result of the accident and if all of the symptoms she seems to have at this time are caused by the brain damage and not by the drugs she is taking.
From my own review of the testimony I am satisfied that plaintiff did not prove her case by a preponderance of the evidence, and I would dissent except for the guide lines for appellate review set out in Arceneaux v. Dominque, 365 So.2d 1330 (La.1978) Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976) and Canter v. Koehring Co., 283 So.2d 716 (La.1973). The evidence which convinces me that plaintiff did not receive a permanent injury to her brain in this accident consists of the testimony of those physicians who examined her for defendant, including a doctor of internal medicine, an orthopedist and a neurosurgeon. However, in the Arceneaux case, the court said that even though the appellate court may consider its own evaluations as reasonable as the trial judge’s the appellate court should not disturb reasonable findings of the trial court when there is conflict in the testimony. This is precisely what we have here with plaintiff’s internal medicine specialist, the orthopedist and especially the neurosurgeon, Dr. Dysart, all attributing plaintiff’s symptoms to brain damage caused by the accident.
In the application of the cited cases from the Supreme Court I feel that I have no alternative but to affirm the judgment even though I believe an award of $50,000 plus special damages would be adequate compensation for the injuries caused by the accident.